**Corrected**

# In the United States Court of Federal Claims

No. 22-1506C
(Filed: June 8, 2023)

|  |  |
|---|---|
| **BRANDON R. BURGWIN**, | ) ) ) |
| *Plaintiff,* | ) ) |
| v. | ) ) |
| **UNITED STATES,** | ) ) ) |
| *Defendant.* | ) ) |

*Brandon R. Burgwin*, Waynesburg, PA, *pro se*.

*James W. Poirier*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC, for the defendant.

### ORDER OF DISMISSAL[1]

***BONILLA, Judge***.

On October 11, 2022, plaintiff *pro se* Brandon R. Burgwin–a prisoner at the State Correctional Institution (SCI) Greene, located in Waynesburg, Pennsylvania– filed this unjust conviction and imprisonment action under 28 U.S.C. §§ 1495 and 2513; specifically, Mr. Burgwin claims his "federal due process rights [were] violated when [he] was convicted of unlicensed concealed firearms possession . . . ."[2] Pending before the Court is defendant's motion to dismiss the complaint for lack of subject matter jurisdiction or, in the alternative, failure to state a claim upon which relief can be granted pursuant to RCFC 12(b)(1) and 12(b)(6), respectively.  For the reasons stated herein, the Court concludes it lacks jurisdiction to entertain Mr. Burgwin's claims.  Accordingly, defendant's dispositive motion is GRANTED.

---

[1] This case was transferred to the undersigned for adjudication on May 18, 2023, pursuant to Rule 40.1(b) of the Rules of the United States Court of Federal Claims (RCFC).  *See* ECF Nos. 17–18.

[2] *See* ECF No. 1.

Following a jury trial in state court in Pennsylvania, Mr. Burgwin was convicted on state charges of attempted homicide, aggravated assault, and carrying a firearm without a license in connection with a July 22, 2007 shooting incident in Allegheny County.[3] For the commission of these crimes, on October 6, 2009, Mr. Burgwin was sentenced to a term of imprisonment of 20 to 40 years on the attempted murder count and a consecutive term of imprisonment of 5 to 10 years on the gun possession count.[4]

On appeal, the Superior Court of Pennsylvania reversed Mr. Burgwin's conviction and sentence on the gun possession charge due to the state's failure to present evidence at trial regarding an essential element of the alleged crime (i.e., barrel length).[5] Mr. Burgwin's related convictions for attempted murder and aggravated assault were affirmed.[6] On remand, Mr. Burgwin was re-sentenced to a term of imprisonment of 20 to 40 years for the attempted murder.[7] His subsequent state and federal collateral challenges to his convictions were unsuccessful.[8] Notwithstanding the conclusiveness of his convictions and prison sentence, Mr. Burgwin filed this action seeking declaratory and monetary relief alleging his conviction is unjust.

Mindful that Mr. Burgwin is proceeding *pro se*, the Court construes his pleading liberally. *See, e.g.*, *Satchell v. United States*, No. 19-1984, 2022 WL 1157598, at *2 (Fed. Cl. Apr. 18, 2022) (citing *Roche v. U.S. Postal Serv.*, 828 F.2d 1555, 1558 (Fed. Cir. 1987)). Nevertheless, *pro se* plaintiffs are not relieved of the burden of establishing the Court's jurisdiction by a preponderance of the evidence. *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Taylor v. United States*,

---

[3] *See Commonwealth v. Burgwin*, No. 2007-12505, 2009 WL 6938826, at *1 (Pa. Com. Pl. Sept. 27, 2009).

[4] *Id.* Although not material to the issues presented, reported cases and the docket entries appended to the complaint do not document the sentence imposed for the aggravated assault count.

[5] *See* ECF No. 1-1 at 2–9.

[6] *See Commonwealth v. Burgwin*, No. 2016-1850, 2017 WL 5948698, at *1 (Pa. Super. Ct. Nov. 29, 2017) ("Appellant [Burgwin] appealed to this Court, which reversed the conviction for carrying a firearm without a license and affirmed the remaining convictions.") (citation omitted); *Burgwin v. Folino*, No. 14-553, 2014 WL 4187206, at *1 (W.D. Pa. Aug. 21, 2014) ("On May 11, 2010, the Superior Court [of Pennsylvania] affirmed his conviction of attempted homicide and aggravated assault but reversed the firearms conviction.").

[7] *See Burgwin*, 2014 WL 4187206, at 1 n.3.

[8] *See, e.g., Burgwin*, 2017 WL 5948698, at *1 (unsuccessful state court proceedings under the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541–46); *Burgwin*, 2014 WL 4187206 (federal petition for a writ of habeas corpus denied).

303 F.3d 1357, 1359 (Fed. Cir. 2002)).  The required standard is not met in this case.

As an initial matter, in addition to the United States, Mr. Burgwin's complaint names the Commonwealth of Pennsylvania as a defendant.[9]  It is settled, however, that this Court's jurisdiction does not extend to claims against defendants other than the federal government.  *Starnes v. United States*, 162 Fed. Cl. 468, 472 n.4 (2022) (citing *United States v. Sherwood*, 312 U.S. 584, 588 (1941) (additional citations omitted)); *see* 28 U.S.C. § 1491(a)(1) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States . . . .").  Accordingly, the Commonwealth of Pennsylvania must be dismissed as an improper defendant.  *See, e.g., Jones v. United States*, 104 Fed. Cl. 92, 98 (2012) ("[T]his Court lacks jurisdiction over state agencies.") (citing *Souders v. S.C. Pub. Serv. Auth.*, 497 F.3d 1303, 1308 (Fed. Cir. 2007)) (additional citations omitted).

Next, this Court's jurisdiction is limited by statute to actions "filed within six years after such claim[s] first accrue[d]."  *See* 28 U.S.C. § 2501.  Mr. Burgwin's unjust conviction and imprisonment claims relate to the May 11, 2010 decision of the Superior Court of Pennsylvania reversing-in-part his criminal convictions and sentencing.  *See Bolduc v. United States*, 248 F. App'x 162, 165 (Fed. Cir. 2007) ("[§ 1495] claim accrued when [the] conviction was vacated, because that was the moment when all of 'the events [had] occurred which fix[ed] the liability of the Government and entitle[d] [plaintiff] to institute an action.'") (quoting *Brighton Vill. Assocs. v. United States*, 52 F.3d 1056, 1060 (Fed. Cir. 1995)).  However, Mr. Burgwin did not file his complaint in this case until October 11, 2022–nearly 12 years after his putative claims first accrued.  Consequently, any claims for relief under §§ 1495 and 2513 are time-barred.  *See Jackson-Greenly Farm, Inc. v. United States*, 857 F. App'x 1021, 1026 (Fed. Cir. 2021) ("Th[e] six-year statute of limitations 'is a jurisdictional requirement attached by Congress as a condition of the government's waiver of sovereign immunity and, as such, must be strictly construed.'" (quoting *Hopland Band of Pomo Indians v. United States*, 855 F.2d 1573, 1576–77 (Fed. Cir. 1988)).

Finally, this Court's authority to render judgment upon claims for monetary damages by persons unjustly convicted is limited to federal offenses and does not extend to violations of state law.  *See Gibson v. United States*, 161 Fed. Cl. 249, 253 (2022) (Court of Federal Claims lacks jurisdiction to entertain § 1495 claims stemming from alleged violations of state law) (citing 28 U.S.C. § 1495).

---

[9] The Court surmises that the reason the United States was included as a defendant in this case is because "THE UNITED STATES" is pre-printed in the caption on the *pro se* complaint form.  *See* ECF No. 1.  Indeed, there is no allegation that federal law enforcement was involved in the prosecution of the state law charges at issue.

Entitlement to relief under § 1495 is further dependent upon a meritorious allegation that the claimant is not guilty of the charged offense evidenced by either a certificate of innocence or a pardon grounded upon a determination of innocence. *See* 28 U.S.C. § 2513; *e.g.*, *Brewer v. United States*, No. 20-1209, 2023 WL 2233717, at *2 (Fed. Cir. Feb. 23, 2023) (quoting *Sykes v. United States*, 105 Fed. Cl. 231, 233 (2012)).

As explained above, Mr. Burgwin's criminal charges were violations of state law filed by the Commonwealth of Pennsylvania. There is no allegation, let alone any evidence, of any federal charges. Further, although Mr. Burgwin's conviction on the state law unlawful firearm possession charge was reversed on appeal, he was not declared innocent; on the contrary, the simultaneously prosecuted charges of attempted murder and aggravated assault–both involving Mr. Burgwin's unlawful use of the gun in issue–were affirmed on appeal. As recently iterated by this Court: "Without a certificate of innocence or any feasible possibility of obtaining one, this Court lacks jurisdiction to hear an unjust conviction claim." *Lopez-Pena v. United States*, No. 22-881, 2023 WL 3318007, at *3 (Fed. Cl. May 9, 2023) (citing cases); *e.g.*, *Brewer*, 2023 WL 2233717, at *2 (affirming jurisdictional dismissal of § 1495 claim for failing to provide a certificate of innocence or the equivalent).

For the reasons set forth above,

(1) Defendant's Motion to Dismiss plaintiff's complaint (ECF No. 6) is **GRANTED**;

(2) Plaintiff's Complaint (ECF No. 1) is **DISMISSED**;

(3) The Clerk is directed to enter **JUDGMENT** in favor of the defendant; and

(4) The Court **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith.

It is so **ORDERED**.

Armando O. Bonilla
Judge